UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAGGIE ASTARITA<br><br>**Plaintiff,**<br><br>v.<br><br>SOLOMON & SOLOMON, PC; and DOES 1 to 10, inclusive<br><br>**Defendant.** | Civ. No. 12-5670 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Solomon & Solomon, PC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motion is unopposed. For the reasons set forth below, Defendant's motion is **GRANTED**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff alleges the following: Defendant is a "debt collector," as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6). (Compl. ¶ 5, ECF No. 1; *see also* Def's Br. in Support of Mot. to Dismiss 1, ECF No. 3-3.) In that regard, Defendant attempted to collect on an "alleged obligation of a consumer to pay money arising out of a transaction in which the money,

---

[1] As this is a 12(b)(6) motion to dismiss, the following version of events assumes Plaintiff's allegations in the Complaint are true.

1

property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes." (Compl. ¶ 6.) And in the process, "[w]ithin one (1) year preceding the date of this Complaint," Defendant "communicated with the Plaintiff before [8:00 a.m.], local time at the Plaintiff's location" and "contact [sic] Plaintiff and threatened to take legal action against Plaintiff." (*Id*. at ¶¶ 7-8.)

Based on these limited factual allegations, on September 11, 2012, Plaintiff commenced this action in District Court. Plaintiff's one-count Complaint alleges that Defendant various provisions of the FDCPA.[2] (Id. at ¶ 17.) In response, Defendant filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

## II.  DISCUSSION

### A. Failure to State a Claim

---

[2] Specifically: 15 U.S.C. § 1692c(a)(1) (communicating at a time or place which should be known to be inconvenient to the consumer); 15 U.S.C. § 1692d (filing a lawsuit to harass, oppress or abuse the debtor); 15 U.S.C. § 1692e (using false, deceptive and misleading representations); 15 U.S.C. § 1692e(5) (using a civil suit to take action that cannot legally be taken); 15 U.S.C. § 1692e(10) (using false representation or deceptive means in relation to debt collection); and 15 U.S.C. § 1692f (using unfair or unconscionable means). Although it has limited bearing on the present motion to dismiss, the Court notes: <u>first</u>, that the general provision 15 U.S.C. § 1692e and the specific provision 15 U.S.C. § 1692e(10) provide essentially the same prohibition against using false representations or deceptive means; and, <u>second</u>, that 15 U.S.C. § 1692f is meant to provide a cause of action for conduct not specifically enumerated in any other sections of the FDCPA.  See *Foti v. NCO Fin. Sys.*, 424 F.Supp.2d 642, 667 (S.D.N.Y. 2006).

[3] In its motion to dismiss, Defendant has also included a request for counsel fees pursuant to: (1) 28 U.S.C. § 1927, which allows for an award of attorneys' fees when offending counsel has: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct," *LaSalle Nat'l Bank v. First Conn. Holding Group, LLC*, 287 F.3d 279, 288 (3d Cir. 2002) and; (2) 15 U.S.C. § 1692k, which states: "On a finding by the court that an [FDCPA action] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." However, at this time, the Court finds no basis to make such an award under either provision.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556).

### B. The Fair Debt Collection Practices Act

3

The FDCPA prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt." 15 U.S.C. § 1692d.  Accordingly, a debt collector "may not use any false, deceptive, or misleading representations or means" or "any unfair or unconscionable means" in connection with the collection of debt. 15 U.S.C. §§ 1692e –1692f.

Generally speaking, to state a claim under the FDCPA, a plaintiff must plead sufficient facts showing that: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Berk v. J.P. Morgan Chase Bank*, *N.A.*, No. 11–CV–2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. § 1692a-o).  *See also Grant v. JPMorgan Chase Bank*, No. 12-cv-6248 (FLW), 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013).

**C. Application**

In this case, Plaintiff's Complaint is utterly devoid of any factual content – such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt – which would allow the Court to

4

draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.  And because Plaintiff's threadbare formulaic recitation of the elements of an FDCPA claim is insufficient for her pleading to survive Rule 12(b)(6) dismissal, Defendant's motion to dismiss will be **GRANTED**.  *See Grant*, 2013 WL 1558773, at *3 (D.N.J. Apr. 10, 2013) (dismissing Plaintiff's FDCPA claim under Rule 12(b)(6) in light of plaintiff's "wholly unsupported and conclusory allegations"); *Williams v. Zucker, Goldberg & Ackerman, LLC*, Civ. No. 09-6177 (WJM), 2011 WL 843943, at *3-5 (D.N.J. Mar. 8, 2011) (dismissing defendant's FDCPA claim under Rule 12(b)(6) where plaintiff provided significantly more factual allegations than Plaintiff Astarita has in the present matter).

### III. CONCLUSION

For the reasons stated above, Defendants' Rule 12(b)(6) motion is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

                                            /s/William J. Martini
                                   **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 18, 2013.**